## COMMONWEALTH *vs.* JOHN BURNS.

Under the *St.* of 1858, *c.* 45, justices of the peace have jurisdiction of all offences subject to penalties of a fine not exceeding fifty dollars, or imprisonment in the jail or house of correction not more than six months, or to both such penalties; even if the defendant is also required, in case of conviction, to pay the costs of prosecution, and recognize in the sum of one thousand dollars for his good behavior.

COMPLAINT under *St.* 1855, *c.* 215, § 17, made to a justice of the peace on the 12th of May 1858, for being a common seller of spirituous and intoxicating liquors. After appeal to the court of common pleas at Worcester, at October term 1858, and conviction there, the defendant moved in arrest of judgment, that the magistrate had no jurisdiction of the offence charged in the complaint. *Sanger*, J. overruled the motion, and tne a fendant alleged exceptions.

*G. Swan*, for the defendant. The magistrate had no jurisdiction of the offence charged. When this complaint was made, the offence of being a common seller of intoxicating liquors could be tried by indictment only, and in the court of common pleas. *St.* 1855, *c.* 215, § 17. *Commonwealth* v. *Howes*, 15 Pick. 231. *Commonwealth* v. *Murphy*, 10 Gray, . *Commonwealth* v. *Hudson*, 10 Gray, . *State* v. *Peck*, 32 Vermont Reports, 172. The jurisdiction given to justices of the peace, by *St.* 1858, *c.* 45, of "all offences which may be subject to the penalties of a fine not exceeding fifty dollars, or imprisonment in the county jail or house of correction not exceeding six months, or to both of said penalties," did not extend their jurisdiction to this case; for the *St.* of 1855, *c.* 215, §§ 17, 33, imposes upon a common seller, as parts of the penalty, to pay the costs of prosecution, and enter into a recognizance for not less than $1,000, not to violate, for one year, any law relating to the manufacture and sale of intoxicating liquors. Nothing will be presumed in favor of the jurisdiction of an inferior magistrate. *Bridge* v. *Ford*, 4 Mass. 641. By the same statute, three offences of being a common seller may be charged in the same indictment, or, if a justice of the peace nas jurisdic-

tion, in the same complaint; yet it is very clear that a justice of the peace would not have jurisdiction of any offence except the first, as the penalties for the second and third are beyond his jurisdiction.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

BIGELOW, J. The offence with which the defendant is charged is punishable by a fine not exceeding fifty dollars, and imprisonment in the county jail or house of correction not exceeding six months. *St.* 1855, *c.* 215, § 17. It therefore comes within the terms of *St.* 1858, *c.* 45, § 2, defining and limiting the jurisdiction of justices of the peace, authorized to hear and determine criminal cases. It is true that the defendant is also liable, on conviction, to pay the costs of prosecution, and to enter into a recognizance under *St.* 1855, *c.* 215, § 33, that he will not for one year violate that act or any other law concerning the manufacture and sale of intoxicating liquor, and, in default thereof, to stand committed. But the statute above cited, giving jurisdiction to magistrates, does not provide that their authority shall be limited to cases where the entire penalty does not exceed fifty dollars and six months imprisonment. Its purpose was to make the amount of the fine and the extent of the term of imprisonment the standard by which the jurisdiction of magistrates was to be measured and fixed. These constitute the main and essential features of punishment for minor offences, by which the nature and degree of aggravation of the crime is marked and distinguished. They were therefore used by the legislature to designate the limit to which the juris diction of justices of the peace should extend, without regard to other consequences which might ensue to the defendant on a conviction. The costs to which the defendant was liable, and the recognizance into which he was bound to enter, were regarded only as incidental to the main penalty of fine and imprisonment imposed for the offence, and by which alone the jurisdiction was intended to be limited. This point was decided in Bristol last year, in the case of *Commonwealth* v. *Carr*.

*Exceptions overruled.*